NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1496
_____

UNITED STATES OF AMERICA

v.

GERINARDO RIVERA, a/k/a Gerry,
                                                Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3:22-cr-00346-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 15, 2025

Before: CHAGARES, *Chief Judge*, SCIRICA, and RENDELL, *Circuit Judges.*

(Filed: August 7, 2025)

_____

OPINION[*]
_____

_____

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SCIRICA, *Circuit Judge*.

Gerinardo Rivera appeals his conviction for two drug offenses. Rivera pleaded guilty to each count pursuant to a plea agreement, under which the Government dropped three other charges against him.[1] At sentencing, Rivera raised two objections to the Pre-Sentence Investigation Report. The Government agreed to one—which led the District Court to alter a four-point role enhancement to a two-point enhancement—and Rivera withdrew the other. Declining to accept Rivera's proposed downward variance to 126 months' imprisonment, the District Court instead sentenced him to 168 months, the bottom of the Guidelines range. Defense counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967).[2] *See* 3d Cir. L.A.R. 109.2(a) (2011).

Under our local rules, we must answer two questions when ruling on an *Anders* motion. First, we determine whether Rivera's attorney "has thoroughly examined the record in search of appealable issues" and "explain[ed] why the issues are frivolous." *United States v. Brookins*, 132 F.4th 659, 666 (3d Cir. 2025) (citation and internal quotation marks omitted).[3] We conclude he has. Defense counsel correctly identified the three issues Rivera is permitted to raise on appeal after pleading guilty: (1) the District Court's jurisdiction, (2) the procedural validity or voluntariness of the guilty plea, and (3)

---

[1] Rivera initially entered a plea of not guilty to the indictment but, after signing the plea agreement, entered a guilty plea at a change of plea hearing.

[2] Although he was permitted to do so, Rivera did not file a pro se brief.

[3] An issue is frivolous if it "lacks any basis in law or fact." *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988).

the reasonableness of the sentence. *See United States v. Langley*, 52 F.4th 564, 568, 574-75 (3d Cir. 2022). And counsel adequately explained in his *Anders* brief why, upon a "thorough[] search [of] the record," *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001), there is no non-frivolous argument on appeal as to each issue. Counsel's brief confirms the District Court's jurisdiction under 18 U.S.C. § 3231 and explains why any challenge to Rivera's guilty plea would be frivolous. Counsel also points out the District Court correctly applied our framework in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), and the 18 U.S.C. § 3553(a) factors in imposing its sentence and rejecting defendant's proposed downward variance.

Second, we must "decide whether the case is wholly frivolous" based on our review of the record. *Brookins*, 132 F.4th at 666 (citation and internal quotation marks omitted).[4] We agree with counsel that no nonfrivolous issues remain on appeal. First, since each count Rivera pleaded guilty to is a federal offense, *see* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), any challenge to the District Court's jurisdiction would be baseless. *See* 18 U.S.C. § 3231 (granting original jurisdiction over "all offenses against the laws of the United States").[5] Second, Rivera's guilty plea was procedurally reasonable and voluntary, because all charges, underlying offense conduct, and the nature

---

[4] Our review of the record is plenary, but because Rivera's counsel adequately performed his step-one duties in his *Anders* brief, "we may limit our review to the issues counsel raised." *Brookins*, 132 F.4th at 666 (citation and internal quotation marks omitted). We choose to do so here.

[5] Moreover, we have jurisdiction under 28 U.S.C. § 1291.

of the change to the original plea were clearly explained to Rivera in the indictment, in the written and signed plea agreement, and/or at the change of plea hearing. Third, Rivera's sentence was procedurally and substantively reasonable. At sentencing, the Government agreed to Rivera's objection concerning a role enhancement, and the District Court consequently reduced his total offense level and arrived at the correct Guidelines range. And because Rivera withdrew his other objection, the District Court did not need to rule on it. The District Court then methodically considered the § 3553(a) factors in exercising its discretion to reject Rivera's proposed downward variance and sentence him instead to the bottom of the Guidelines range, noting *inter alia* Rivera's prior criminal history and good behavior while in state custody. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Accordingly, the court met its obligations under this Circuit's sentencing protocol and imposed a substantively reasonable sentence. *See Gunter*, 462 F.3d at 247; *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

For these reasons, we will grant the motion to withdraw and affirm the District Court's judgment.